UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-843-GCM

| | |
|---|---|
| MARK WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HILTON AT UNIVERSITY PLACE, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 4]. The Plaintiff is proceeding in forma pauperis. [Doc. 3].

### I. BACKGROUND

The pro se Plaintiff filed the instant action alleging discrimination against his former employer. [Doc. 1]. The Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 3]. The Amended Complaint is now before the Court for initial review. [Doc. 4].

The Plaintiff names as the Defendant UPH Lakeside Limited Partnership d/b/a Hilton @ University Place. He claims that he is a 62-year-old African American male, and that he previously complained to management about race discrimination and filed multiple charges with the EEOC against the Defendant, most recently, just months before he was laid off during the COVID-19 pandemic. According to the Plaintiff, the layoff occurred with the understanding that he and the other affected employees would be rehired when conditions improved. Other employees in the same job who are substantially younger than the Plaintiff were rehired, but the Plaintiff was not rehired for his former position or for other open positions for which he was

qualified. He claims that the Defendant's failure to rehire him was discriminatory based on his age, and was done in retaliation for his prior complaints about racial discrimination. The Plaintiff filed an EEOC charge when it became obvious that the Defendant was not going to re-hire him. He seeks compensatory, punitive, and statutory liquidated damages; costs; attorney's fees;[1] interest; a jury trial; and further relief that the Court deems just and proper.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

---

[1] It is unclear why the Plaintiff is seeking attorney's fees, as he is not currently represented by counsel.

The Plaintiff appears to again assert claims for discriminatory and retaliatory failure to rehire him, based on his age and on complaints about racial discrimination that he asserted shortly before hie was laid off from work.[2] Liberally construing the Amended Complaint and drawing all reasonable inferences in favor of the pro se Plaintiff, the Amended Complaint will be allowed to pass initial review in that it is not plainly frivolous.

IV.     CONCLUSION

In sum, the Amended Complaint passes initial review in that the Plaintiff's claims are not plainly frivolous.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 4] passes initial review.

2. **IT IS FURTHER ORDERED** that the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on Defendant. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant pursuant to Rule 4(c)(3). The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff. All costs of service shall be advanced by the United States. Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $405.00 filing fee.

Signed:   January 16, 2024

Graham C. Mullen
United States District Judge

---

[2] The relevant legal standards are set forth in the Court's Order on initial review of the Complaint. [See Doc. 3].